**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1624**

JEAN S. LORISSON,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A77-850-164)

Submitted: February 13, 2008      Decided: March 13, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

James A. Roberts, LAW OFFICES OF JAMES A. ROBERTS, Falls Church, Virginia, for Petitioner. Jeffrey Bucholtz, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Kohsei Ugumori, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jean S. Lorisson, a native and citizen of Haiti, petitions for review of an order of the Board of Immigration Appeals ("Board) affirming without opinion the immigration judge's order denying Lorisson's applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Lorisson claims he established a well-founded fear of persecution on account of a protected ground. We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2007); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). A

- 2 -

determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find sufficient evidence supports the finding that Lorisson failed to show a well-founded fear of persecution based on a protected ground and the record does not compel a different result.  Accordingly, we will not disturb the immigration judge's denial of Lorisson's applications for asylum and withholding from removal.  Because Lorisson did not challenge in his brief the denial of relief under the CAT, the claim is not preserved for review.  See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED